## PUCKETT v. ROAD DIST. NO. 2 et al.* (No. 11785.)

(Court of Civil Appeals of Texas. Fort Worth. Dec. 4, 1926. Rehearing Denied Jan. 15, 1927.)

1. Pleading ⬅34(3), 214(1)—Every reasonable intendment should be indulged in favor of sufficiency of petition, and facts stated must be accepted as true on general demurrer.

Every reasonable intendment is to be indulged in favor of sufficiency of petition, and all facts therein stated must be accepted as true in disposing of general demurrer.

2. Highways ⬅93—Provision in contract for employment of county highway engineer that either party could terminate agreement on 30 days' notice authorized either party to terminate without cause.

Under contract whereby county employed road engineer, with provision that contract should continue until either party gave 30 days' notice of desire to terminate, either employee or county could terminate contract, with or without cause, by giving notice required.

3. Contracts ⬅285(2)—Provision relating to arbitration in contract for employment of county highway engineer held not to apply to dispute regarding termination of agreement.

Under contract whereby county employed road engineer, provision providing for arbitration in case either party considered itself aggrieved by any decision *held* not to apply to dispute which might arise under provision relating to termination of agreement on giving notice.

Appeal from District Court, Clay County; Vincent Stine, Judge.

Suit by D. M. Puckett against Road District No. 2, and others. From a judgment dismissing plaintiff's suit, he appeals. Affirmed.

Taylor, Muse & Taylor, of Wichita Falls, for appellant.

Wantland & Glasgow and J. P. Williams, all of Henrietta, for appellees.

CONNER, C. J. This suit was instituted by D. M. Puckett, complaining, among others, of Clay county and the state highway commission of Texas. The substance of the complaint is that the plaintiff was a skilled road engineer, and as such was employed by the commissioners' court of said county, with the approval of the state highway department, to serve as road engineer for the construction and improvement of public roads in road district No. 2 of the county named. The contract is attached to the petition as an exhibit. It defined appellant's duties as county engineer, for which he was to receive "$5,400 per year, payable at the rate of $450 per month on the 1st day of

the month succeeding that during which his services had been rendered." It contained the following clauses, deemed necessary to an understanding of our conclusion:

"(8) In consideration of the full and true performance of the duties of county engineer, the county hereby covenants and agrees to pay to the engineer $5,400 per year, payable at the rate of $450 per month on the 1st day of the month succeeding that during which his services have been rendered. And the county further agrees to pay all the actual and necessary expenses that the engineer may incur when traveling away from headquarters on the county business.

"(9) No change or alteration shall be made in the terms or conditions of this contract without the consent of both parties hereto in writing, and no claim shall be made or considered for extra work.

"(10) This contract shall continue in effect until either party hereto shall give 30 days' written notice to the other of its desire to terminate this agreement.

"(11) In case the work hereinbefore specified is not carried out to the entire satisfaction of the commissioners' court, county of the road and highway work, to the satisfaction of the state highway engineer, the county shall have the power to notify the engineer to remedy such condition or otherwise comply with the provisions of this contract. And if after (10) days' written notice the engineer continues to neglect the work or fails to perform under this contract, the commissioners' court may terminate this contract by payment of the moneys due or about to become due on the date of the written notice. And in case of the failure or default of the engineer hereunder, the state highway engineer shall have the right and the power to substitute one of his resident engineers on any road or highway work that the state or federal government may be aiding, until such failure or default is remedied or a new engineer is appointed by said county.

"(12) In case either party shall consider itself aggrieved by any decision, it may require the dispute to be finally and conclusively settled by the decision of three arbitrators, the first to be appointed by the party of the first part, the second to be appointed by the party of the second part, and the third by the two arbitrators thus chosen. In case that the first two chosen fail to agree upon a third, the latter shall be appointed by the state highway engineer. By the decision of these arbitrators or by that of a majority of them both parties to this contract shall be finally bound."

The plaintiff alleged that he had fully performed all of his duties as road engineer, as required in the contract, and that his services as such were in all thing fully satisfactory to the commissioners' court of Clay county, but that notwithstanding this the county had at the instance of the state highway department and pursuant to the tenth section of the contract, above quoted, notified him that they desired to terminate the agreement, and had in fact at the expiration of 30 days from the receipt of said notice dis-

charged him wholly without cause, and be prayed to recover the salary payable to him under the terms of the contract for the remainder of the year, amounting in all to $2,050.00, as also other damages not necessary to notice.

The defendant answered by a general demurrer and a general denial. The general demurrer was sustained, and, declining to answer, judgment was entered dismissing the suit, from which judgment the present appeal has been duly prosecuted.

The subject-matter of the suit was considered by us on a former appeal from an order of the trial court refusing to enjoin Clay county and the other parties named from discharging him. On the hearing of the application for the writ of injunction the trial court filed the following conclusions, to wit:

"I conclude from the plaintiff's petition and the contract made a part of said petition, and upon which the petition is based, that the defendant had the right to terminate the plaintiff's contract of employment at any time by first giving the plaintiff 30 days' written notice of their desire to do so, and that said notice was duly given in accordance with the contract as is alleged in the petition. I conclude that even if the defendant had not had the right to terminate the contract of employment by given the 30 days' written notice, that the plaintiff is not entitled to a temporary writ of injunction, because he has an adequate remedy at law.

"According to the petition and the contract attached thereto, the contract was one for employment engaging the personal services of plaintiff, and could not by any proceeding be specifically enforced; thereby the plaintiff is not entitled to an injunctive remedy."

Upon the conclusions so cited, the trial court denied the application for injunction, and an appeal, as stated, was taken to this court, which we disposed of by a mere memorandum adopting the trial court's conclusions and affirming the judgment.

[1-3] We think there can be no doubt of the general proposition that every reasonable intendment is to be indulged in favor of the sufficiency of the petition, and all facts therein stated must be accepted as true in disposing of the general demurrer, and the able counsel for appellant very earnestly, and perhaps plausibly, insists that section 10 of the contract did not confer upon the commissioners' court the power to arbitrarily discharge him, notwithstanding its satisfaction with the performance of his services as required by the contract. But the petition sets forth the contract and avers that the commissioners' court was induced to give the notice stated upon a threat of the state highway department to withdraw its pecuniary aid unless appellant was discharged. And, after as careful a consideration as we have been able to give the case, we have concluded, as we did before, that section 10 of the contract conferred on each of the parties

thereto an independent right to terminate the obligations of the contract, with or without cause, upon giving notice as required in section 10. It is contended that such construction destroys the effect of section 12 of the contract. But we have been unable to avoid the conclusion that section 12 must be held to apply to disputes arising under sections 8, 9, and 12, and not to a dispute, if any, which might arise under section 10.

We conclude that the judgment must be affirmed.